Whauet, Judge,
delivered the opinion of the court:
This case comes to this court under a special act of Congress waiving the statute of limitations.
The plaintiff was the owner of a lease with the Bush Terminal Buildings Company. By a commandeer order dated June 18, 1918, the Government, acting through the Navy Department, demanded possession of the space occu *654 pied, by the plaintiff under this lease. The plaintiff, acting under the order to vacate, secured other premises and made preparations to comply with the order of possession. On August 27, 1918, the plaintiff began removing from the space occupied in the Terminal.
On September 1, 1918, the plaintiff had vacated and then tendered to the defendant 6,000 square feet. On September 13, 1918, the defendant canceled the commandeer order. Plaintiff completed removal from the premises on February 1, 1919.
This suit is for just compensation for the value of the lease taken and other expenses incurred in moving to the new site. It is similar in all respects to the case of William Wrigley, Jr., Co. v. The United States, 75 C. Cls. 569. It was held in that case, and followed in other cases, Thermal Syndicate, Ltd., v. The United States, No. 17333 (ante, p. 446), and Charles B. Chrystal v. The United States, No, 17335 (ante, p. 461), decided April 8, 1935, that the tenant was entitled to just compensation for the value of the lease' from the date of vacation of the premises to the date of expiration of the lease. In the instant case, the plaintiff tendered 6,000 square feet on September 1, 1918, but the defendant did not accept the space offered. The plaintiff, after the order of cancellation, took the space back and on October 1, 1918, sublet this space to the end of the term of its lease. The plaintiff is entitled to recover the difference between the market value and the rental paid for the month of September, which is $150. When the plaintiff vacated the premises on February 1, 1919, the Bush-Terminal Buildings Company canceled the unexpired term of the lease. The difference between the stipulated rental and the fair market value thereof on February 1, 1919, for the unexpired term extending: therefrom to May 1, 1921, is $28,228.50.
Other items of expense in moving are consequential in their nature and are not recoverable. See Wrigley case, supra.
This cause of action is within the general jurisdiction of this court, private property having been taken for public use. Barnes v. United States, 46 C. Cls. 7:
*655 The plaintiff is entitled to the sum of $28,318.50, with interest at six percent on $150.00 from September 1, 1918. until paid and interest at six percent on $28,228.50 from February 1, 1919, until paid.
It is so ordered.
Williams, Judge; Littleton, Judge; Gkebn, Judge; and Booth, Chief Justice, concur.